# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

TURBINE GENERATOR
MAINTENANCE, INC.,
a Florida corporation

                Plaintiff,

v.                              Case No.   2: 15-cv-478 -FtM-38-MRM

FLAMBEAU RIVER PAPERS, LLC,
a Wisconsin limited liability company

                Defendant.
_____

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c), subject to, and without waiver of Defendant's personal jurisdiction and venue defenses.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1), without waiver of personal jurisdiction and venue defenses** [Court recommends 30 days after CMR meeting] | November 1, 2015 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | previously filed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | April 15, 2016 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: | Plaintiff: April 15, 2016 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | Defendant: May 16, 2016 |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | June 15, 2016 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 4 months or more before trial term begins] | July 15, 2016 |
| **Conference to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | September 19, 2016 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version must be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | October 10, 2016 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before Final Pretrial Conference] | October 10, 2016 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | October 31, 2016 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | November 21, 2016 |
| **Estimated Length of Trial** [trial days] | 5 |
| **Jury / Non-Jury** | jury |
| **Mediation** Deadline: Mediator: Address: | May 30, 2016  to be selected at |

2

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | later date |
| **UNRESOLVED ISSUES:**  Defendant proposes, but Plaintiff objects to, setting preliminary deadlines as to discovery, motion practice, and hearing on the issues of personal jurisdiction and venue as follows:<br><br>Discovery:<br><br>Motion for Summary Judgment as to Personal Jurisdiction and Venue Defenses:<br><br>Hearing on Personal Jurisdiction: | <br><br><br><br><br>January 15, 2016<br><br>February 1, 2016<br><br><br>April 4, 2016 |

| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br>No__X__<br><br>Likely to Agree in Future __X___ |
|---|---|

I.   **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1] a meeting was held in person on:

__October 1, 2015_____ (date) at   __9:00 AM_____ (time) at

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

\_\_(by) telephone (*See* Order, Doc. 26)_____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| \_Mark Anderson_____ _____ | **Turbine Generator Maintenance, Inc.** |
| \_Joshua C. Webb_____ _____ | **Flambeau River Papers, LLC** |
| \_Deborah C. Meiners_____ _____ | **Flambeau River Papers, LLC** |
| Jon P. Axelrod | **Flambeau River Papers, LLC (of counsel)** |

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed. The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated by counsel.

Unresolved issues to be addressed at such a conference include:  \_The parties have several unresolved issues referenced above in the proposed case management schedule as "Unresolved Issues," as well as in Section V(D) below.

In addition, Defendant offers the following preliminary statement to explain the addition of case management events and deadlines directed to the issues of personal jurisdiction and venue. Defendant, in its Answer, asserted personal jurisdiction and venue defenses, which should be determined before the merits.[2] In addition, the parties

---

[2] *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims. … Thus, as a preliminary matter, courts should determine if they have the power to bind a defendant with a ruling on the merits of the case.").

4

are engaged in parallel litigation in *Flambeau River Papers, LLC v. Turbine Generator Maintenance, Inc.*, Western District of Wisconsin No. 3:15-cv-594, where Plaintiff has raised the venue issue itself. (Doc. 24) Accordingly, Defendant believes that the parties and the respective Courts will gain efficiencies by proceeding under schedules to allow determination of the personal jurisdiction and venue issues before addressing the merits of the parties' claims in the litigation. Furthermore, such a schedule will avoid financial hardship to Defendant for addressing merits discovery including the retention of experts in Florida.

On the other hand, Plaintiff states that the bifurcation proposed by Defendant will lead to unnecessary duplication of efforts and likely result in additional discovery disputes. Rather than raising the personal jurisdiction and venue issues in a Motion to Dismiss, Defendant chose to assert them as affirmative defenses and pursue them through a subsequent Motion for Summary Judgment which will inevitably lead to delays. Furthermore, the litigation in Wisconsin was initiated by Defendant after the instant matter was filed. Plaintiff has filed a Motion to Transfer Venue, asking that the U.S. District Court for the Western District of Wisconsin transfer the case to this Court.

_____

_____

_____

_____

### III.   Pre-Discovery Initial Disclosures of Core Information
**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged   _X_ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(C)-(D), **without waiver of personal jurisdiction and venue defenses.**

_____on _X_ by (check one) __November 1, 2015_____ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

IV.     **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

__ no party anticipates the disclosure or discovery of ESI in this case;

X__ one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A. The form or forms in which ESI should be produced.

---

3 **Error! Main Document Only.** See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

6

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

\_X\_\_ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V.     Agreed Discovery Plan for Plaintiffs and Defendants**

**A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons

and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_X_____   Yes
_____   No            Amended Certificate will be filed by _____
                        (party) on or before  _____ (date).

    **B.**    **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. See M.D. Fla. R. 3.03 (e). The parties further agree as follows:

_____

_____

_____

_____

    **C.**    **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

        1.    Depositions

      2.      Interrogatories

      3.      Document Requests

      4.      Requests to Admit

      5.      Supplementation of Discovery

**D.**    **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

\_\_\_(Unresolved) Defendant proposes the completion of discovery on the issues the parties believe necessary to address dispositive motions on personal jurisdiction on or before January 15, 2016.

_____

_____

_____

_____

**E.**    **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

_____

_____

_____

_____

**F.     Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  (See M.D. Fla. R. 1.09).  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as Aconfidential.@  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  See M.D. Fla. R. 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that Ano party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.  With respect to confidentiality agreements, the parties agree as follows:

_____

_____

_____

_____

     **G.   Electronically Stored Information and Claims of Privilege**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

_____

_____

_____

_____

     **H.   Other Matters Regarding Discovery**

_____

_____

_____

_____

**VI.   Settlement and Alternative Dispute Resolution**

     **A.   Settlement**

The parties agree that settlement is  _____   likely ___X___ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes   ___X__   no   _____ likely to request in future

     **B.   Arbitration**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

\_\_\_\_\_ yes    \_\_\_\_X\_\_ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

\_\_\_\_\_ yes    \_\_\_X\_\_    no    \_\_\_\_\_    likely to agree in future

_____ Binding _____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

\_\_\_\_\_ yes    \_\_\_\_\_ no    \_\_\_\_\_    likely to agree in future

    **C.**    **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D.**    **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

_____

_____

_____

_____

Date: \_October 5, 2015_____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

Dated: October 5, 2015                                   Respectfully submitted,

| | |
|---|---|
| */s/Mark C. Anderson* | */s/ Joshua C. Webb* |
| Mark C. Anderson (FBN 631922) | Joshua C. Webb (FBN 051679) |
| manderson@bipc.com | jwebb@hwhlaw.com |
| Buchanan Ingersoll & Rooney, PC | val@hwhlaw.com |
| 2235 First St | HILL, WARD & HENDERSON, P.A. |
| Ft Myers, FL 33901 | 101 East Kennedy Boulevard, Suite 3700 |
| Telephone:  239-334-7892 | Tampa, FL  33602 |
| Facsimile: 239-334-3240 | Telephone:  813-221-3900 |
| | Facsimile:  813-221-2900 |

Of Counsel:

DEWITT ROSS & STEVENS S.C.
Jon P. Axelrod
Deborah C. Meiners (*pro hac vice*)
Two East Mifflin Street, Suite 600
Madison, WI   53703-2865
608-255-8891
608-252-9243
jpa@dewittross.com
dcm@dewittross.com

*Attorneys for Defendant*
*Flambeau River Papers, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of September, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for parties in the case.

> <u>*/s/ Joshua C. Webb*</u>
> Joshua C. Webb
> *Counsel for Flambeau River Papers, LLC*